MUYERS *v.* McNABB.

4-7652 188 S. W. 2d 623

Opinion delivered July 9, 1945.

*Harrell Simpson,* for appellant.

*A. A. Robinson,* for appellee.

GRIFFIN SMITH, Chief Justice. Bill Muyers and his wife, Emma, were in possession of a part of Block 28 in the Waddle and Hughes Addition to the City of Pocahontas. They claimed title was in Emma as the heir at law of Emma's grandfather, W. L. Taylor. E. E. was W. L. Taylor's son. Emma was E. E.'s daughter, and a stepdaughter of Cora A. Taylor, the latter having married E. E. Taylor. September 8, 1919, Nonnie E. and Jack Henson, husband and wife, deeded to Cora A. Taylor "Block 28 of the Waddle and Hughes Addition."

August 2, 1920, Cora A. and E. E. executed their warranty deed to W. L. Taylor. January 14, 1938, E. E. Taylor attempted to convey to his wife all of Block 24 except a part described by metes and bounds; also, "all that part of Block 28 . . . that I now own, known as the W. L. Taylor property."

March 17, 1939, Cora Taylor (W. L. and E. E. Taylor having died) deeded to H. G. McNabb "all of Block 28 . . . except that portion described in a deed of E. E. Taylor and wife, Cora A. Taylor, executed August 2, 1920, and of record in Book 55, at page 37 of the records of Randolph County." In the habendum there is this language: "I hereby grant, alien and quitclaim all my right, title, interest and claim I now have or may hereafter obtain in and to that portion of Block 28 . . . described in the deed of E. E. Taylor and wife to W. L. Taylor as same appears of record in Book 55, at page 37 . . ."

Suit was brought by McNabb to eject the Muyers, who first demurred to the complaint, then answered, alleging that E. E. Taylor was the only heir of W. L. Taylor. They delineated what they claimed was a record title in Emma.

January 19, 1944, at the conclusion of testimony, plaintiff and the defendants moved for a directed verdict without asking for other instructions. Effect was to take the case from the jury. The Court found in favor of McNabb, but on February 16th granted the defendant's motion for a new trial. An amended answer was filed August 21, 1944, in which the land claimed to have descended to Emma from her grandfather was described by metes and bounds. Contention was that W. L. Taylor had lived on the property from 1920 until his death in 1938, and that he held in such a way as to constitute adverse possession.

The cause was submitted under a single instruction, not objected to, in which the jury was told, as a matter of law, that the deed of Cora A. and E. E. to W. L. Taylor was void because of indefinite and uncertain description; also that the deed of E. E. to Cora A. Taylor was void, but that the description in the deed from Cora A. Taylor to H. G. McNabb was sufficient. Questions raised by the plea of adverse possession were properly submitted, and the verdict was against the defendants. Their contention is that the jury arbitrarily disregarded uncontradicted testimony. We would be inclined to hold with appellants on this issue but for the fact that evidence brought into the record by Will Baltz discloses that as County Surveyor he attempted to locate the land described in the deed of August 2, 1920, and was unable to find some of the recited markers or monuments. However, a few days prior to making this effort, Baltz, at the request of Bill Muyers, surveyed "certain lands in the Waddle and Hughes addition that Muyers had staked out as property having belonged to W. L. Taylor." A definite survey by metes and bounds was then read into the record, with the statement by Baltz that "this was a definite descrip-

tion of the W. L. Taylor property. It was mostly in Block 28, but a small portion was in Block 24.''

The description mentioned by Baltz was incorporated in the Court's instruction, and the jury found that W. L. Taylor had not acquired the property by adverse possession.

The fact that Muyers had staked out the land to which his wife claimed title by descent and distribution, and that Baltz followed Muyers' direction in making the survey, no doubt led the jury to believe that the property was not identical with the area appellants contended W. L. Taylor had occupied for approximately eighteen years. Any material variation between the land contended for by appellants and the property adversely held by Emma Muyers' grandfather was sufficient to justify the jury in finding that the defendants had not met the burden of proving their affirmative plea.

Affirmed.